Per Curiam.
The matters proved by the defendant did not establish a failure of consideration constituting a defense to the note sued upon. The bill of sale transferred an effectual title to the property for which the notes were given. The title has never been restored to the plaintiffs. It related, not to specific articles, but to an unliquidated interest in .the assets of a dissolved firm. Nor did the proof given "by the defendant establish a counter-claim.
The verdict was properly directed, and the judgment should be affirmed, with costs, upon the opinion of. the learned judge below.
The following is the opinion of the trial judge:
O’Gorman, J.—It seems to me that there is no issue of fact in this case which it is the duty of the court to submit to the jury; and under these circumstances it is the duty of the court to decide such questions of law as arise, and instruct the jury whether they should find for the plaintiff or defendant.
Inasmuch as this case may go for review to some other tribunal, it seems convenient that I should now state as briefly as I can the reasons which induce me to take the course which I am about to take. Before 1879 a partnership existed both in the city of New York and in the Island of Santa Cruz, consisting of various members, using in the city of New York the name of “ Eoache Bros. & Co.,” and using in Santa Cruz the name of “Eoache Bros.”
In each case the partnership was the same, and consisted of the same persons. Among these partners was Edward Eoache, and also Edward Masterton. In 1879 Edward Eoache died. He died in the Island of Santa Cruz, in which Island the partner named Masterton had taken up his residence, and was an active representative of the partnership there. On the death of Edward Eoache a power of attorney was executed by his administrators to Master-ton to look after the property of the deceased partner in Santa Cruz. After some years had elapsed Mr. Masterton ' came to New York and established a partnership in connection with the defendant in this case, and received from the representatives of the deceased partner an assignment or bill of sale to the new partnership, which was called “Masterton & Co.,” of all the right, title and interest of *73 the deceased Edward Eoache, which had descended to' them as his representatives in the partnership property which was to be found in the Island of Santa Cruz_, and in all claims by, or indebtedness to, the deceased which had not been collected up to the time of the execution of the assignment. Thereupon this new partnership went izito existence, Mr. Masterton again going to Santa Cruz, and there representing the partnership of Masterton & Co., of which the defendant Mr. Schlesinger was a partner. In consideration of this' assignment, which was not a bill of sale of specified securities or specific property belonging, or claimed to belong, to the deceased, but only of the right, title and iziterest that the deceased possessed in this property of partnership izi Sazita Cruz, a certaizi amount, $28,000, was paid. On the execution of that assignment by the executors of the deceased Edward Eoache, all claims or right which these executors would have in any of the assigned property wholly ceased. They had no right to azi accouzrt from Mr. Masterton as to what he collected, nor was he in any way liable to them. Whatever he collected belonged not to him, nor to thezn, but to the ziew firm of Masterton & Co., in whose possession, by meazis of that bill of sale, all the light to the property of the deceased in Sazita Cruz or his executoi’S was vested.
It is claimed, azid it is in evidence, that during the existence of that partnership, this Masterton collected some property which belonged to the partnership under the bill of sale, and neither paid it over to the partnership, as he was bound to do nor paid it over to the executors, who had in law, no claim whatever to receive it. Under the bill of sale fortified by certain documents which were prepared for publicity in Santa Cruz, the new firm of Masterton & Co., Izad all real and apparent light, and all real and apparent means to collect all the moneys which, under the bill of sale, they were entitled to collect.' But the old power of attorney, made by the executors in 1879, was never formally revoked, it was still in the possession of Masterton, and it is claimed, that, in the collection of these moneys, which he should have paid over to the firm of Masterton & Co., he used this power of attorney, assuming to represent the executors of the deceased, instead of, as he was bound to do, making the claim on behalf of the partnership of Masterton & Co. Because he did that, although there is no evidence that any of these moneys were ever paid into the hands of the executors, (where they ought not to be paid,) because he has not paid it over into the hands of Masterton & Co., or into the hands of the defendant in this case, one of the partners, a claim is made of a set-off against the *74 plaintiff’s claim in this action, to the amount of all the moneys which Mr. Masterton so collected; and that claim is made on the principle that what a man does by another, being his agent, he is held to do by himself.
I hold that that principle does not apply to the action of Masterton in this case. The executors did not do anything through him as their agent. They had no right to collect that money through him, or through the use of that power of attorney. They had no right to receive it if collected. All the right they had in that property or money, had been parted with; and if he, by using that power of attorney, got it into his possession, the moment it was in his possession, it was in his possession not as an agent for the executors, but as a member of the partnership of Masterton & Co., and vested in him only as a member of that firm; and the claim of the defendant is a question between him and his partner Masterton only, for not paying over the money which he (Masterton) got by the use of this power of attorney, but which when once received by him became the property of the firm.
I therefore hold that the requests to charge made to me by the learned counsel for the defendant, although in themselves in many respects undoubtedly law, are not applicable to the contention before us, and I decline so to charge; and I direct the jury that, as a matter of law, they find a verdict for the plaintiff, for $5,426.58.